UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RENEE JENKINS,<br><br>  Plaintiff(s),<br><br>  v.<br><br>PRIME WASHINGTON, LLC, dba CORNERSTONE CROSSINGS APARTMENTS, et al.,<br><br>  Defendant(s). | Case No. 2:20-CV-653 JCM (DJA)<br><br>ORDER |

Presently before the court is plaintiff Renee Jenkins' motion to remand. (ECF No. 23). Defendants Prime Washington, LLC dba Cornerstone Crossings Apartments ("Prime Washington"), Prime Administration, LLC dba Prime Group ("Prime Group"), and Pauletta Dearinger (collectively, "defendants") responded, (ECF No. 30), to which plaintiff replied, (ECF No. 33).

Also before the court is defendants' motion to dismiss. (ECF No. 6). Plaintiff responded, (ECF No. 17), to which defendants replied, (ECF No. 24).

**I.     Background**

The instant action arises from injuries caused by a couch thrown from a second story balcony. (ECF No. 3). Plaintiff sued defendants in the Eighth Judicial District Court in Clark County, Nevada. (*Id.*). Defendants then removed to this court on the basis of diversity jurisdiction, (ECF No. 1), and shortly thereafter, moved to dismiss the complaint, (ECF No. 6).

Plaintiff now moves to remand this matter to state court for lack of complete diversity. (ECF No. 23).

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)). Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

**III.   Discussion**

Although defendant Pauletta Dearinger is a Nevada resident, defendants argue that she is a sham defendant, "fraudulently joined solely for the purpose of defeating diversity." (ECF No. 30). A non-diverse defendant is a "sham" if the plaintiff could not possibly recover against the party whose joinder is questioned. *See Kruso v. Int'l Tel. & Tel. Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989). In examining this question, all disputed questions of fact are resolved in the plaintiff's favor. *Id.* "If there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis added).

Here, this court finds such possibility, especially in light of Nevada's less stringent "notice pleading" regime. *Hay v. Hay*, 678 P.2d 672, 674 (Nev. 1984) ("Nevada . . . courts liberally construe pleadings to place into issue matters which are fairly noticed to the adverse party."). Construing all factual disputes in plaintiff's favor, this court grants the instant motion to remand.

In her complaint, plaintiff clearly explains why she has sued Dearinger: Dearinger worked as a property manager at the time of the incident and plaintiff's harms resulted from Dearinger's "acts and/or omissions on Prime Washington's behalf, while she was acting in the course and scope of her employment." (ECF No. 3). Plaintiff explicity alleges that Dearinger not only served in a supervisory role but she also "failed to call 911." (*Id.*). Defendants respond at length on plaintiff's claims, presenting facts in Dearinger's declaration. (ECF No. 30).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  Plaintiff is correct that, at this stage, these allegations must be taken as true.  *See Kruso, F*.2d at
2  1426.  The many factual disputes presented before this court are resolved in plaintiff's favor.

3  In determining this issue, this court must determine whether a state court could *possibly*
4  find that plaintiff has sufficiently stated her claim. *See Kruso,* 872 F.2d at 1426.  This court finds
5  that Dearinger is not a sham defendant.  There is no complete diversity, and this matter is hereby
6  remanded.

7  In light of this matter's remand, this court denies defendants' motion to dismiss as moot.
8  (ECF No. 6).

### IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 23) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 6) be, and the same hereby is, DENIED as moot.

DATED August 24, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -